Peck, J.
This is a submitted controversy under sections 546
and 547 of the Civil Practice Act.
The city of New York has provided public assistance to an infant, from October, 1942, to December, 1945, in the sum of $1,491.39, which it seeks to have assessed against the defendant Broome County under the Social Welfare Law. The infant was born out of wedlock to a woman who is the legal wife of a resident of Broome County. The woman, with the father of the child, left Broome County in September, 1941, coming to New York City in May, 1942, and giving birth to the child in that city in October, 1942.
The public - welfare district having responsibility for the expenditure here involved is to be determined by the settlement of the person, supported, according to the Social Welfare Law prior to the 1946 amendment. The law generally provided that the place of settlement of an adult is where he or she shall be a resident continuously for one year without receiving public assistance (§ 117) and specifically that the settlement of a married woman shall be that of her husband except she be a widow or be divorced or separated by judicial decree (§ 119) and that the settlement of a minor born out of wedlock shall be that of his mother (§ 120).
Plaintiff contends that the settlement of the infant under these provisions of law was Broome County and, therefore, Broome County is liable for the infant’s support. Defendants contend that the settlement of a wife at the place of settlement of her husband is predicated upon the husband’s moral and legal obligation to support the wife, and where she is living apart from' him in adultery that obligation does not exist.
The Social Welware Law does not contain the qualification defendants contend for. There is some support for defendants ’ *330 interpretation in the Special Term decisions in Williams v. County of Niagara (unreported) and Matter of Application of Carpenter (unreported), but in those cases the wife had long before deserted her husband and never lived with him in the county against which the charge was sought to he made. There are no facts here as to the circumstances under which the mother of the child and-her husband separated, but even if we were to assume that the wife might obtain a settlement apart from her husband, she could not have gained a settlement away from Broome County or in New York City because she had not continuously lived in New York City or any other place for a year since leaving Broome County. Her place of settlement, therefore, remained in Broome County and Broome County became and remained the place of settlement of the infant.
We might add, as defendants urge their view of the equities of the case, that we see nothing inequitable in the result here, and we do not think it was the contemplation of the Social Welfare Law that charges for public assistance he determined on any nice basis of evaluating equities in individual cases. The law provides a working administrative rule for the apportion ment of costs. It may not work out absolutely fairly in every case but it will undoubtedly achieve an over-all fair result. We find the law precise and mandatory, with little room for inter pretation, and its applicability to the instant case is clear.
The plaintiff is entitled to judgment for the sum of $1,491.39.
Martin, P. J., Dore, Cohn and Callahan, JJ., concur.
Judgment unanimously directed for plaintiff for the sum of $1,491.39. Settle order on notice.